IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GREGORY WEEDON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Civil Action No. 16-312
Judge Arthur J. Schwab/
Chief Magistrate Judge Maureen P. Kelly |
| v. | ) ) | |
| GODLEWSKI, MARY CANINO, MIKE WENEROWICZ, SERGEANT DAMASKY, ROBERT GILMORE, MR. MARK DIAL-ESANDRO, IRMA VIHILDA, DORINA VARNER, C/O GOULD, MR. J. KENNEDY, and JIM BYUNAHAK, | ) ) ) ) ) ) ) | Re: ECF Nos. 47 and 49 |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

Presently before the Court are two Motions filed by Defendant Jim Byunahak[1] ("Defendant"): (1) a Motion for Summary Judgment on the Limited Issue of Exhaustion of Administrative Remedies, ECF No. 47; and (2) a Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 49. For the following reasons, it is respectfully recommended that the Motion for Summary Judgment, ECF No. 47, be granted and that the Motion to Dismiss, ECF No. 49, be denied as moot.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2015, Plaintiff Gregory Weedon ("Plaintiff") filed the operative Amended Complaint ("the Complaint") asserting federal civil rights violations and state law claims against multiple defendants for events occurring during Plaintiff's imprisonment at SCI Graterford and

---

[1] The Court recognizes that the moving defendant's name is Dr. Byunghak Jin; however, references to Dr. Jin in this action will reflect his name as set forth in the caption.

SCI Greene.[2] ECF No. 28. The Complaint was filed in the United States District Court for the Eastern District of Pennsylvania. Id. On February 11, 2016, this action was transferred to the Western District of Pennsylvania. ECF No. 38. On April 29, 2016, Defendant filed the instant Motion for Summary Judgment and Brief in support thereof, ECF Nos. 47-48, as well as the instant Motion to Dismiss and Brief in support thereof, ECF Nos. 49-50. Plaintiff filed his Responses in opposition to the Motion for Summary Judgment and the Motion to Dismiss on July 5, 2016. ECF Nos. 66-67. Defendant filed a Reply Brief in support of the Motion to Dismiss on August 1, 2016. ECF No. 69. The Motions are now ripe for consideration.

B. STANDARDS OF REVIEW

1. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991). When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. EEOC v. Allstate Ins., 778 F.3d 444, 448 (3d Cir. 2015).

In order to avoid summary judgment, a party must produce evidence to show the existence of every element essential to the case that it bears the burden of proving at trial; "a

---

[2] Although Plaintiff is presently proceeding *pro se*, the Complaint was filed by prior counsel for Plaintiff.

2

complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the nonmoving party fails to make a sufficient showing on any essential element of its case, the moving party is entitled to judgment as a matter of law. Id.

### 2. Motion to Dismiss

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)). The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

### C. DISCUSSION

### 1. Motion for Summary Judgment

In order to succeed on a Section 1983 claim, a claimant must show: (1) the conduct complained of was performed by a person acting under color of state law; and (2) this conduct

3

deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).  Further, the Prison Litigation Reform Act requires a prisoner filing a Section 1983 action to exhaust all administrative remedies before filing a claim in federal court.  42 U.S.C. § 1997e(a). In order to properly exhaust his or her administrative remedies, a plaintiff must be in "compliance with an agency's deadlines and other critical procedural rules . . .."  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).  "The Prison Litigation Reform Act ('PLRA') requires prisoners to exhaust any and all prison grievance remedies before filing suit in federal court."  Mack v. Loretto, No. 14-2738, 2016 U.S. App. LEXIS 18336, at *12 (3d Cir. Oct. 11, 2016).  "[T]he primary purpose of a grievance is to alert prison officials to a problem;" thus, a grievance must be contain sufficient information to alert the prison as to the nature of the alleged wrong.  Id. (citations omitted).

In the Complaint, Plaintiff identifies Defendant as a medical doctor employed by the Department of Corrections at SCI Greene.  ECF No. 28 ¶ 13.  The only allegation in the Complaint which identifies a specific wrong by Defendant states that he "unlawfully deducted amounts from the Plaintiff's personal funds as penalties for claimed refusals to eat."  Id. ¶ 60.

Defendant argues he is entitled to judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies as to this limited claim.  In support of this argument, Defendant lists all of the grievances Plaintiff submitted through final review, none of which, Defendant argues, relate to him personally or to Plaintiff's claims in the instant lawsuit.  ECF No. 48 at 4-9.

In response, Plaintiff points to Grievance No. 526957 to show that he exhausted his administrative remedies. ECF No. 66 at 1-5.[3] In that grievance, Plaintiff complained of an invasion of his rights to privacy and bodily integrity as well as a violation of his Fourth Amendment rights stemming from an incident on September 3, 2014, in connection with an assessment for medical treatment while Plaintiff was on a hunger strike. Dr. "Jen" entered Plaintiff's cell and began "doing medical practice on [Plaintiff], disregarding [Plaintiff's] verbal refuse to him." ECF No. 66-1 at 1. Grievance No. 526957 was denied as frivolous. Specifically, it was found that:

> At 1545 9/3/14 the afternoon nurse attempted to speak to [Plaintiff] and observed no response and no response to follow commands. An unplanned use of force was initiated due to uncertainty if [Plaintiff] was breathing. [Plaintiff] refused vital signs and would not stand. Dr. Jin was alerted and came to [Plaintiff's] cell due to not responding and he considered this an emergency. Dr. Jin stated "did not fully assess [Plaintiff] because [Plaintiff] refused". Dr. Jim only assessed [Plaintiff] to verify [his] medical condition was stable.

Id. at 2.

It is clear from the face of Grievance No. 526957 that Plaintiff made no reference to and did not grieve any deduction from his personal funds for the refusal to eat. The grievance only related to the medical assessment during Defendant's visit of Plaintiff in his cell. Even assuming that the filing of this grievance exhausted Plaintiff's remedies with respect to the wrong described therein, *i.e.*, excessive medical treatment, that wrong is not a subject of this lawsuit.[4] Thus, because Plaintiff has failed to make a sufficient showing that he exhausted his administrative remedies as to his limited claim against Defendant, Defendant is entitled to

---

[3] Plaintiff refers to the grievance in the text of the Complaint as "Grievance 52697," however, the correct grievance number is 526957. ECF No. 66-1 at 2-3.

[4] Although Plaintiff fails to identify Defendant in any medically related claim, it is worth noting that Plaintiff's allegations regarding medical care relate to the inadequacy of medical care. See ECF No. 28 ¶¶ 80, 83.

judgment as a matter of law. Accordingly, it is recommended that Defendant's Motion for Summary Judgment, ECF No. 47, be granted and that Plaintiff be dismissed from this case

### 2. Motion to Dismiss

In light of the recommendation as to the Motion for Summary Judgment, it is recommended that the pending Motion to Dismiss, ECF No. 49, be denied as moot.

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Defendant Jim Byunahak's Motion for Summary Judgment, ECF No. 47, be granted, Defendant Jim Byunahak's Motion to Dismiss, ECF No. 49, be denied as moot, and that Defendant Jim Byunahak be dismissed from this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: November 15, 2016

                                              Respectfully submitted,

                                              /s/ Maureen P. Kelly
                                              MAUREEN P. KELLY
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Arthur J. Schwab
United States District Judge

Gregory Weedon
JV3610
1600 Walters Mill Road
Somerset, PA 15510-0001

All counsel of record via CM-ECF