IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY WEEDON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-312 |
| | ) | |
| v. | ) | Judge Arthur J. Schwab/ |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| GODLEWSKI, MARY CANINO, MIKE | ) | |
| WENEROWICZ, SERGEANT DAMASKY, | ) | |
| ROBERT GILMORE, MR. MARK DIAL- | ) | |
| ESANDRO, IRMA VIHILDA, DORINA | ) | |
| VARNER, C/O GOULD, MR. J. KENNEDY, | ) | Re: ECF No. 116 |
| and JIM BYUNAHAK, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

Presently before the Court is a Motion for Summary Judgment filed by Defendants Godlewski, Mary Canino, Mike Wenerowicz, Sergeant Damasky, Robert Gilmore, Mr. Mark Dial-Esandro, Irma Vihilda, Dorina Varner, C/O Gould and Mr. J. Kennedy (collectively, "Defendants"),[1] ECF No. 116.  For the following reasons, it is respectfully recommended that Defendants' Motion for Summary Judgment be granted as to Count I and that the remaining claims be dismissed without prejudice to Plaintiff's ability to refile the claims in state court.

**II.  REPORT**

    **A.  FACTUAL AND PROCEDURAL BACKGROUND**

This action was initiated in the United States District Court for the Eastern District of Pennsylvania in December 2013.  On May 4, 2015, Plaintiff Gregory Weedon ("Plaintiff") filed

---

[1] On November 29, 2016, former Defendant Jim Byunahak was terminated from this case, having been granted summary judgment based on Plaintiff's failure to exhaust his administrative remedies as to the claim against Byunahak.  ECF No. 87.

the operative Amended Complaint ("the Complaint") asserting federal civil rights violations and state law claims against multiple defendants for events occurring during Plaintiff's imprisonment at the State Correctional Institute ("SCI") at Graterford and SCI Greene.[2] ECF No. 28.

The United States District Court for the Eastern District of Pennsylvania summarized the factual allegations in the Complaint as follows:

> On January 7, 2013, [Plaintiff] was designated to serve his state sentence in the general population at the State Correctional Institution at Graterford ("SCI-Graterford"). He was later transferred to the restricted housing unit ("RHU"), where he remained until February 6, 2013. Shortly after being returned to the general population, he was informed by defendant Sergeant Godlewski that he was being returned to the RHU. When he questioned why he was being returned to the RHU, [Plaintiff] was placed in hand restraints, pushed into a doorway, and placed into a headlock. Godlewski marched [Plaintiff] down the hallway and pushed him, causing him to fall and strike his neck, back and shoulders on a door jamb. While [Plaintiff] lay on the floor, Godlewski kicked his feet.
>
> [Plaintiff] was charged with misconduct. At a February 22, 2013 hearing before Hearing Officer Mary Canino and Correctional Officer Damasky, [Plaintiff] was not permitted to present exculpatory evidence or witnesses. Canino found him guilty of misconduct.
>
> As a result of the attack, [Plaintiff] suffered pain in his neck, back, shoulders and feet. He continues to experience pain and muscle spasms in his neck, back and shoulders. He has difficulty standing and sleeping. DOC medical staff prescribed ibuprofen and Bengay muscle wraps for pain. He was also given Prozac and painkillers. When these medications were later discontinued, [Plaintiff's] pain and spasms increased. He has also experienced weight loss.
>
> [Plaintiff] was transferred to SCI-Greene in Greene County. Over the course of his incarceration there, [Plaintiff's] requests to be examined by outside medical staff have been consistently denied. Members of the medical staff have expressed that [Plaintiff] "was and is simply malingering and misrepresenting or exaggerating his physical condition." To draw attention to his condition, Plaintiff has engaged in hunger strikes. To penalize him for refusing to eat, several defendants at SCI-Greene, including [] Byunghak Jin, a member of the medical staff, deducted funds from [Plaintiff's] inmate account.

---

[2] Although Plaintiff is presently proceeding *pro se*, the Complaint was filed by prior counsel for Plaintiff.

ECF No. 37 at 2-4 (citations omitted).

On February 11, 2016, this action was transferred to the Western District of Pennsylvania. ECF No. 38. On May 22, 2017, Defendants filed the instant Motion for Summary Judgment and documents in support thereof, ECF Nos. 116-119. Plaintiff filed his Response in opposition to the Motion for Summary Judgment on June 12, 2017. ECF No. 129. The Motion for Summary Judgment is now ripe for consideration.

### B. STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991). When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. EEOC v. Allstate Ins., 778 F.3d 444, 448 (3d Cir. 2015).

In order to avoid summary judgment, a party must produce evidence to show the existence of every element essential to the case that it bears the burden of proving at trial; "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986). If the nonmoving party fails to make a sufficient showing on any essential element of its case, the moving party is entitled to judgment as a matter of law. Id.

C. DISCUSSION

In order to succeed on a Section 1983 claim, a claimant must show: (1) the conduct complained of was performed by a person acting under color of state law; and (2) this conduct deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

Further, the Prison Litigation Reform Act requires a prisoner filing a Section 1983 action to exhaust all administrative remedies before filing a claim in federal court. 42 U.S.C. § 1997e(a). In order to properly exhaust his or her administrative remedies, a plaintiff must be in "compliance with an agency's deadlines and other critical procedural rules . . .." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). "The Prison Litigation Reform Act ('PLRA') requires prisoners to exhaust any and all prison grievance remedies before filing suit in federal court." Mack v. Loretto, No. 14-2738, 2016 U.S. App. LEXIS 18336, at *12 (3d Cir. Oct. 11, 2016). "[T]he primary purpose of a grievance is to alert prison officials to a problem;" thus, a grievance must be contain sufficient information to alert the prison as to the nature of the alleged wrong. Id. (citations omitted).

In Count I of the Complaint, Plaintiff raises a Section 1983 claim in which he alleges violations of his rights under the Eighth and Fourteenth Amendments based on Defendants' failure to provide necessary medical evaluation, diagnosis, care and treatment to Plaintiff. ECF No. 28 at 12-15. In Counts II through VI, he raises state law claims of general negligence; failure to train, supervise or regulate staff; intentional infliction of emotional distress; negligent infliction of emotional distress; and assault and battery. Id. at 15-20.

In the pending Motion for Summary Judgment, Defendants argue that they are entitled to judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies as to the claims against them. ECF No. 117 at 3-8. In response, Plaintiff points to two grievances that he filed, Grievance Nos. 447573 and 527879, as proof of exhaustion. ECF No. 129 at 1-4.

In Grievance No. 447573, filed February 7, 2014, Plaintiff complained about the alleged assault by Defendant Godlewski. ECF No. 129-1 at 2. In Grievance No. 527879, filed September 15, 2014, Plaintiff complained about the medical department at SCI Greene deducting $5.00 per day from his account "for fasting." Id. at 18.

In neither of the grievances cited by Plaintiff did he complain of the alleged wrong which forms the basis of his sole federal claim, *i.e.*, improper medical treatment. Thus, he failed to alert the prison as to the nature of this alleged wrong and failed to exhaust his administrative remedies in regards to this claim. Accordingly, Defendants are entitled to judgment as a matter of law as to Count I and it is recommended that Defendants' Motion for Summary Judgment be granted as to Count I.

At this juncture, Plaintiff's sole federal claim has been found to be nonviable. Where all claims over which the Court has original jurisdiction have been dismissed, the district court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Although declining to exercise jurisdiction is within the discretion of the district court, the United States Court of Appeals for the Third Circuit has held that, absent extraordinary circumstances, "pendent jurisdiction should be declined where the federal claims are no longer viable." Shaffer v. Bd. of Sch. Dir. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (citations omitted). As no extraordinary circumstances that warrant the exercise of supplemental jurisdiction over Plaintiff's state law claims have been found, it is recommended

that this Court decline to exercise its supplemental jurisdiction and instead dismiss Plaintiff's state law claims without prejudice to Plaintiff's ability to refile them in state court.

   D.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion for Summary Judgment, ECF No. 116, be granted as to Count I and that the remaining claims be dismissed without prejudice to Plaintiff's ability to refile the claims in state court.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: June 15, 2017

                                      Respectfully submitted,

                                      /s/ Maureen P. Kelly
                                      MAUREEN P. KELLY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Arthur J. Schwab
      United States District Judge

      Gregory Weedon
      JV3610
      1600 Walters Mill Road
      Somerset, PA 15510-0001

      All counsel of record via CM-ECF